1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NANCY M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 23-5956 MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits ("DIB").[1] Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating two medical opinions and at step four. (Dkt. # 8.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1959, has a high school education, and last worked as a medical records clerk. AR at 37, 83, 244. In January 2022, Plaintiff applied for benefits, alleging

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

1    disability as of October 2021. *Id.* at 72. Plaintiff's applications were denied initially and on

2    reconsideration, and Plaintiff requested a hearing. *Id.* at 57-58.

3    After the ALJ conducted a hearing in May 2023, the ALJ issued a decision finding

4    Plaintiff not disabled. AR at 72-84. The ALJ used the five-step disability evaluation process[2] and

5    found, in pertinent part, that Plaintiff had the severe impairments of generalized anxiety disorder

6    and depression. *Id.* at 74. Further, the ALJ found that Plaintiff had the residual functional

7    capacity ("RFC") to perform past relevant work as a medical records clerk. *Id.* at 83.

8    The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

9    Commissioner's final decision. AR at 1-3. Plaintiff appealed this final decision to this Court.

10   (Dkt. # 1.)

## III.    LEGAL STANDARDS

12   Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

13   security benefits when the ALJ's findings are based on legal error or not supported by substantial

14   evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

15   general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

16   ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

17   (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

18   alters the outcome of the case." *Id.*

19   "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

20   relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

21   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

22   Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

---

[2] 20 C.F.R. § 404.1520.

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

### A.    The ALJ Did Not Err in Evaluating the Medical Opinions

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff challenges the ALJ's assessment of Dr. Michael Defilippo's and Linda Semrau's opinions. (Dkt. # 8 at 6-12.) The Commissioner argues that the ALJ's findings are supported by substantial evidence. (Dkt. # 10 at 4-8.)

Dr. Defilippo opined that Plaintiff's syndromes severely impaired her "in several important domains/areas of functioning, including her activities of daily living/instrumental activities of daily living, her occupational endeavors (unfortunately precluding further employment) and her ability to relate socially." AR at 590. Similarly, Ms. Semrau – Plaintiff's mental health counselor – reported that Plaintiff had marked limitations in thirteen categories and moderate limitations in seven categories. *Id.* at 669-70. The ALJ discussed these opinions in sequence and found them unpersuasive for four general reasons: (1) the opinions were unsupported by unremarkable exam findings; (2) the severity of limitations opined were inconsistent with Plaintiff's positive response to treatment and stability of medication over time;

1    (3) her activities were inconsistent with the level of social anxiety assessed; and (4) her lack of

2    emergency treatment for mental health was inconsistent with the medical opinions. *Id.* at 82-83.

3           First, the ALJ determined that Plaintiff's therapy records described activities of daily

4    living which were inconsistent with the level of social anxiety and impairment the opinions

5    alleged. AR at 82-83. An ALJ may draw reasonable inferences from evidence of activities that

6    contradict claims of a debilitating impairment. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir.

7    2012). These records indicate she routinely went to the vet (AR at 447, 454, 462-63, 467, 612,

8    623, 626, 673, 681), socialized with friends (*id.* at 612, 619, 622, 625-26, 635, 673, 681), and ran

9    errands. *Id.* at 622, 627, 637. Because these reasons are unchallenged and the ALJ's

10   characterization is reasonable, the Court must uphold it. *See Smartt v. Kijakazi*, 53 F.4th 489,

11   494 (9th Cir. 2022).

12          Second, the ALJ found that Dr. Defilippo's unremarkable exam findings (AR at 424-25,

13   550-51, 556-57, 562) and Plaintiff's normal mood and affect (*id.* at 757, 804, 824) did not

14   support the severity of limitations opined. *Id.* at 82-83. An ALJ may reject a medical opinion that

15   is contradicted by objective evidence in the medical record. *Ford v. Saul*, 950 F.3d 1141, 1156

16   (9th Cir. 2020). Plaintiff argues that the ALJ cherry-picked the record and ignored facts

17   supporting the opined limitations. (Dkt. # 8 at 9.) However, the treatment notes Plaintiff cites

18   reflect that her memory, cognition, thought content, judgment, insight, and other objective

19   findings were normal. AR at 345, 349, 357, 353, 361, 381, 397, 412 (normal findings despite

20   noting some anxiety and depression). This is consistent with the ALJ's findings that the medical

21   opinions did not accurately reflect Plaintiff's functional limitations.

22          Third, the ALJ determined that Plaintiff's medication had been stable for many years and

23   she responded well to treatment, which was inconsistent with the level of impairment the

opinions noted. AR at 82-83 (citing *id.* at 465, 468, 470, 547, 550, 552, 556, 561, 620, 632, 729, 758, 772, 777, 795, 805). "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Plaintiff argues that the ALJ failed to consider the reasons behind her treatment. (Dkt. # 8 at 11 (citing AR at 348, 397, 412).) However, the treatment notes report that when she is feeling nervous and meditation does not work, she takes Lorazepam. AR at 412. This is consistent with the ALJ's finding that Plaintiff's impairments were managed effectively with medication.

Fourth, the ALJ explained that the opinions were inconsistent with the absence of records reflecting emergency treatment or inpatient care for mental health symptoms. AR at 82-83. Plaintiff argues that the fact that she was not hospitalized is not inconsistent with the opined limitations. (Dkt. # 8 at 12.) This argument is unavailing because the ALJ did not rely exclusively on the lack of objective evidence of acute treatment to discount these opinions. Rather, the ALJ considered the severe social anxiety and mental health issues the medical opinions described and found them inconsistent with Plaintiff's benign mental status findings, consistent social activities, and routine medication and treatment, in addition to the absence of emergency treatment for mental health.

Finally, the ALJ discounted Dr. Defilippo's opinion because it failed to describe specific functional limitations, and the issue of whether Plaintiff could work is reserved for the Commissioner. Plaintiff contends this was error because "the actual language of Dr. Defilippo's opinion makes it clear that he was stating Plaintiff had been limited by her mental impairments in her attempts to work and therefore had been unsuccessful in maintaining employment in the past." (Dkt. # 8 at 8.) This argument fails to establish error because it is the Commissioner who is responsible for translating clinical findings into a succinct RFC. *Rounds v. Comm'r of Soc.*

*Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Moreover, because Dr. Defilippo's opinion did not address any specific limitations or provide substantive information about Plaintiff's ability to work, the ALJ was not required to provide "clear and convincing reasons" for rejecting the opinion. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

### B.   The ALJ Did Not Err at Step Four Evaluation

The ALJ determined at step four that Plaintiff was not disabled based on a comparison of her RFC with the demands of her past work. *See* 20 C.F.R. § 404.1520(f). The ALJ concluded Plaintiff could resume her previous role as a medical records clerk, both as she has performed it and as it is generally performed in the national economy. AR 83-84.

Plaintiff asserts the ALJ erred in two respects. (Dkt. # 8 at 3-5.) First, Plaintiff contends the ALJ erred by not resolving a discrepancy between the RFC finding and the hypothetical question posed to the vocational expert ("VE"). (*Id.* at 3.) The ALJ deemed Plaintiff capable of work involving "complex and detailed instruction with more than 3 steps" (AR at 77), while the hypothetical question suggested the work "can't encompass complex and detailed instructions with more than three steps." *Id.* at 32. Plaintiff contends that this discrepancy undermines the ALJ's findings because a hypothetical question that does not reflect all of a plaintiff's limitations renders the VE's opinion void of evidentiary value. (*Id.*) The Commissioner, however, disputes this argument, stating that the ALJ's decision did not solely rest on the VE's testimony. (Dkt. # 10 at 3.)

A plaintiff can be found "not disabled" at step four if she "retains the RFC to perform" the demands of an occupation "as generally required by employers throughout the national economy." Social Security Ruling ("SSR") 82-61; *see also* 20 C.F.R. § 404.1560(b). To determine whether a plaintiff can perform past relevant work at step four, an ALJ must assess her

RFC, make specific findings about the demands of past relevant work, and then compare the RFC to those demands. *See Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001) (citing SSR 82-62). This determination does not require the use of a VE. *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) ("The vocational expert's testimony was thus useful [in determining whether plaintiff could perform past work], but not required.").

In this case, the ALJ arrived at the step-four finding by comparing Plaintiff's RFC to the physical and mental demands of her past relevant work. AR at 83. The ALJ also found that the VE testimony confirmed the job did not require the performance of activities with "more than frequent climbing ramps, stairs, ladders, ropes, or scaffolds or balancing; more than occasional stooping, kneeling, crouching, or crawling; more than frequent bilateral overhead reaching, handling, or fingering; more than occasional changes in the work setting; or more than occasional interaction with the public." *Id.* at 83-84. Significantly, the ALJ did not reference the VE's testimony related to whether Plaintiff could perform jobs requiring complex and detailed reasoning. Therefore, the VE's testimony is supportive but not essential to the step-four finding, and any discrepancy between the RFC and the hypothetical question does not impact the ALJ's findings.

Second, Plaintiff argues that the ALJ was required to resolve an apparent conflict between the VE's testimony and the information in the Dictionary of Occupational Titles ("DOT"). (Dkt. # 8 at 3-5 (citing *Zavalin v. Colvin*, 778 F. 3d 842, 846 (9th Cir. 2015)).) Unlike *Zavalin*, where the ALJ relied on the VE's testimony and the DOT's job requirements to determine the plaintiff was capable of performing the identified occupations (778 F.3d at 848), here, the ALJ's decision that Plaintiff could return to her past relevant work was based on the

RFC finding, not the hypothetical question posed to the VE. Moreover, the ALJ in *Zavalin* relied heavily on the plaintiff's math performance in the context of a special education program to find he could perform work as a cashier or surveillance system monitor, which the Ninth Circuit explained were not analogous situations. *Id.* Conversely, in this case, the ALJ relied heavily on Plaintiff's experience working as a medical records clerk for over two decades to determine she could perform her previous work. AR at 83. As such, any apparent conflict between the hypothetical question and the DOT is immaterial to the ALJ's non-disability decision.

The record reflects that the ALJ found Plaintiff not disabled at step four based on her RFC and the demands of her past work. AR at 83-84. Because Plaintiff has not shown that the ALJ erred in evaluating the medical opinions or her RFC, she has not shown that the ALJ erred in this assessment. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 30th day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge